IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ISIAH DANIELS,

     Petitioner,          No. 2:11-cv-1697 KJN P

  vs.

BOARD OF PRISON HEARINGS,

     Respondent.        ORDER

_____/

        On August 16, 2011, the court dismissed this action without prejudice due to petitioner's failure to file an application to proceed in forma pauperis or pay the filing fee.[1] (Dkt. Nos. 5, 6.)  Petitioner subsequently filed a motion for reconsideration of the court's ruling, and a motion to proceed in forma pauperis.  (Dkt. Nos. 7, 8.)  Petitioner states that he confused the instant case with another of his cases pending before the court (Case No. 2:10-cv-3347 KJM DAD P).  In that case, petitioner was granted in forma pauperis status on February 2, 2011; however, on July 5, 2011, petitioner filed a new application to proceed in forma pauperis, apparently responsive to the order filed in the instant case on June 27, 2011, directing petitioner to file such application or pay the filing fee.  Petitioner has now filed, in the instant case, a new

---

[1] This action currently proceeds before the undersigned for all purposes, pursuant to petitioner's consent.  See 28 U.S.C. § 636(c). (Dkt. No. 4.)

1

and complete application to proceed in forma pauperis. (Dkt. No. 8.)

Petitioner has timely sought reconsideration of the court's order and judgment in this action. Fed. R. Civ. P. 59(e) (28 days). Petitioner has also demonstrated good cause for reopening this case. See Local Rule 230(j) (a party seeking reconsideration of a district court's order must demonstrate "new or different facts or circumstances" or "other grounds" not previously raised before the court, with an explanation for the previous absence of such information). Accordingly, petitioner's motion for reconsideration is granted, and this case is reopened.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, his application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

The petition for writ of habeas corpus challenges the June 2009 decision of the Board of Parole Hearing ("Board") denying petitioner parole. Review of the petition and related briefing indicates an inconsistency that must be remedied. The form petition (which is missing page 8) lists one claim, identified as "Ground One" (a challenge to California's "Marsy's Law"). However, the attached "Memorandum of Points and Authorities" addresses two "Grounds;" the first ground is a challenge to Marsy's Law; the second ground alleges a denial of due process, based on two arguments, the Board's reliance on petitioner's commitment offense, and the Board's reliance on a 2007 psychological report, to conclude that there was sufficient evidence of petitioner's current dangerousness to deny him parole. The second ground appears, however, to challenge a 2007 Board decision. These inconsistencies require clarification.

Therefore, petitioner will be granted leave to complete, within thirty days, one of the following options: (1) inform the court in writing whether his current petition is limited to "Ground One," as set forth therein; OR (2) if petitioner seeks to include more than his "Ground One" in the instant action, he must file an amended petition for writ of habeas corpus that clearly identifies each of petitioner's claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for reconsideration (Dkt. No. 7) is granted.

2. The Order and Judgment filed August 16, 2011 (Dkt. Nos. 5, 6) are vacated.

3. Petitioner's application to proceed in forma pauperis (Dkt. No. 8) is granted.

4. Petitioner shall, within thirty days after service of this order, file one of the following:  (1) a statement that petitioner is pursuing in this action only "Ground One," as set forth in his initially-filed petition; OR (2) an amended petition for writ of habeas corpus that clearly identifies each of petitioner's current claims.

5. The Clerk of the Court is directed to send petitioner a blank form used in this district for filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

DATED:  September 6, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

dani1697.rec.