IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ISIAH DANIELS,

    Petitioner,               No. 2:11-cv-01697 JAM KJN P

    vs.

KEVIN CHAPPELL, Warden,

    Respondent.           FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

    Petitioner, a state prisoner proceeding in forma pauperis and without counsel, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, based on challenges to a June 9, 2009 decision of the California Board of Parole Hearings ("Board"), denying petitioner parole. The operative petition is the First Amended Petition ("petition"), filed September 22, 2011. (Dkt. No. 10.) Petitioner contends that the Board's decision violated his rights under the Fourteenth Amendment's Due Process Clause, and the federal and state ex post facto clauses. This action is before the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B), Local General Order No. 262, and Local Rule 302(c).

////

////

1  Pending before the court are respondent's motions to dismiss the petition (Dkt.
2  Nos. 18, 21)[1] pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States
3  District Courts ("Rule 4"), on the ground that the petition fails to state a cognizable claim for
4  relief.  Rule 4 authorizes the summary dismissal of a habeas petition "[i]f it plainly appears from
5  the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district
6  court."  Id., Rule 4; see O'Bremski v.Maass, 915 F.2d 418, 420 (9th Cir. 1990) ("[R]ule 4 . . .
7  'explicitly allows a district court to dismiss summarily the petition on the merits when no claim
8  for relief is stated'"), quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983).
9  Petitioner timely filed oppositions to respondent's motions to dismiss (Dkt. Nos.
10 19, 22); respondent did not file a reply.  For the reasons that follow, this court recommends that
11 respondent's motions to dismiss be granted.

12 II. Background

13 Petitioner is incarcerated at San Quentin State Prison, serving a life sentence with
14 the possibility of parole, that commenced in 1997.  The subject parole hearing was convened on
15 June 9, 2009, pursuant to which the Board denied petitioner parole, and deferred for five years
16 his subsequent parole hearing.  (Dkt. No. 10 at 51.)[2]  The Marin County Superior Court denied
17 his petition for a writ of habeas corpus in a written decision filed on April 26, 2010 (Case No.
18 SC168450A).  (Dkt. No. 10 at 34-6.)  The California Court of Appeal summary denied the
19 petition on September 23, 2010 (Case No. SC168450A).  (Id. at 31.)  Thereafter, the California
20 Supreme Court summarily denied the petition on April 27, 2011 (Case No. S187334).  (Id. at 30.)
21 ////

---

[1] As the court previously noted, by order filed June 4, 2012 (Dkt. No. 20), respondent's original motion to dismiss (Dkt. No. 18), was based only on a challenge to petitioner's ex post facto claims.  In response to the court's order, respondent subsequently filed a second motion to dismiss, based on petitioner's due process challenge.  (Dkt. No. 21.)

[2] Citations to the record reflect the court's electronic pagination, not the internal pagination of the cited documents.

1        Petitioner claims that the Board's decision denying him parole violated his
2 Fourteenth Amendment rights to due process, and that the deferral of his next parole hearing for
3 a period of five years violates his rights under the state and federal ex post facto clauses.
4 III.  <u>Due Process</u>
5        The Due Process Clause of the Fourteenth Amendment prohibits state action that
6 deprives a person of life, liberty, or property without due process of law.  A litigant alleging a
7 due process violation must first demonstrate that he was deprived of a liberty or property interest
8 protected by the Due Process Clause, and then show that the procedures used to effect the
9 deprivation were not constitutionally sufficient.  <u>Kentucky Dept. of Corrections v. Thompson</u>,
10 490 U.S. 454, 459-60 (1989).
11        A protected liberty interest may arise from the Due Process Clause of the United
12 States Constitution either "by reason of guarantees implicit in the word 'liberty,'" or from "an
13 expectation or interest created by state laws or policies." <u>Wilkinson v. Austin</u>,  545 U.S. 209,
14 221 (2005) (citations omitted).  The United States Constitution does not, of its own force, create
15 a protected liberty interest in a parole date, even one that has been set.  <u>Jago v. Van Curen</u>, 454
16 U.S. 14, 17-21 (1981); <u>Greenholtz v. Inmates of Neb. Penal</u>, 442 U.S. 1, 7 (1979) (There is "no
17 constitutional or inherent right of a convicted person to be conditionally released before the
18 expiration of a valid sentence.").  However, "a state's statutory scheme, if it uses mandatory
19 language, 'creates a presumption that parole release will be granted' when or unless certain
20 designated findings are made, and thereby gives rise to a constitutional liberty interest."
21 <u>Greenholtz</u>, 442 U.S. at 12; <u>see</u> <u>also</u> <u>Board of Pardons v. Allen</u>, 482 U.S. 369, 376-78 (1987) (a
22 state's use of mandatory language ("shall") creates a presumption that parole release will be
23 granted when the designated findings are made.).
24        California's parole statutes give rise to a liberty interest in parole for which "the
25 Due Process Clause requires fair procedures for its vindication." <u>Swarthout v. Cooke</u>, 131 S. Ct.
26 859, 862 (2011). In California, a prisoner is entitled to release on parole unless there is "some

1 evidence" of his or her current dangerousness.  In re Lawrence, 44 Cal. 4th 1181, 1205-06, 1210
2 (2008); In re Rosenkrantz, 29 Cal. 4th 616, 651-53 (2002).  However, in Swarthout the United
3 States Supreme Court held that "[n]o opinion of [theirs] supports converting California's 'some
4 evidence' rule into a substantive federal requirement." Swarthout, 131 S. Ct. at 862-63.  In other
5 words, the Court specifically rejected the notion that there can be a valid claim under the
6 Fourteenth Amendment for insufficiency of evidence presented at a parole proceeding.  Id.
7 Rather, the protection afforded by the federal due process clause to California parole decisions
8 consists solely of  the "minimal" procedural requirements set forth in Greenholtz, specifically "an
9 opportunity to be heard and . . . a statement of the reasons why parole was denied." Id. at
10 862-63.  These considerations constitute "the beginning and the end of the federal habeas court's
11 inquiry into whether [a petitioner] received due process" before a parole board.  Id. at 862.

12       Petitioner contends that the Board "failed to provide any evidence that if
13 [petitioner] was released that he would be a threat to public safety. . . . The board provided no
14 nexus of how if petitioner were released [he] posed a current threat of dan[g]erousness." (Dkt.
15 No. 10 at 4; see also id. at 18-28 (Board's decision failed to meet "some evidence" standard
16 articulated in In re Lawrence, supra, 44 Cal. 4th 1181).)  Petitioner asserts that the Board instead
17 improperly relied on his commitment offense, "hypothetical scenario's [sic]," and "personal
18 beliefs formulated from an old psychological (psych) report that also provided no evidence of
19 how the evaluator arrived to his conclusion."  (Id. at 20.)

20       Petitioner's arguments fail to demonstrate a federal due process violation.  As
21 previously noted, this court's review of petitioner's federal due process claim is limited to the
22 very narrow question whether petitioner received adequate process at the parole hearing.
23 "Because the only federal right at issue is procedural, the relevant inquiry is what process
24 [petitioner] received, not whether the state court [and Board] decided the case correctly."
25 Swarthout, 131 S. Ct. at 863.  Therefore, this court is without authority, pursuant to a federal due
26 process claim, to consider whether California's "some evidence" standard was correctly applied.

4

Id. at 861.

Here, the record reflects that petitioner was present, with counsel, at the June 9, 2009 parole hearing; petitioner was afforded access to his record in advance; petitioner participated in the hearing; and petitioner was provided with the reasons for the Board's decision denying parole, including the Board's conclusions that, while petitioner has "done a lot of positive things," petitioner remains,"on balance . . . a present risk of danger if released," and "a potential threat to the community." **(**June 9, 2009 Board Transcript; Dkt. No. 10 at 47, 49, 50.) According to the United States Supreme Court, the federal Due Process Clause requires no more.

Therefore, this court finds that petitioner is not entitled to relief on his federal due process claim. Rule 4, Federal Rules Governing § 2254 Cases.

IV.  Ex Post Facto

Petitioner next contends that the Board's application of "Marsy's Law" (adopted by the voters pursuant to Proposition 9, the "Victims' Bill of Rights Act of 2008: Marsy's Law"), to defer for five years his next parole hearing, violated the Ex Post Facto Clause of the United States Constitution.

Prior to the enactment of Marsy's Law, indeterminately-sentenced inmates, like petitioner, could be denied parole hearings for no more than one year unless the Board found, with stated reasons, that it was unreasonable to expect that parole could be granted the following year; in such instances, the next parole hearing could be deferred for a period up to five years. Cal. Penal Code § 3041.5(b)(2) (2008). Now, Marsy's Law authorizes deferral of a subsequent parole hearing for a period up to fifteen years. Cal. Pen. Code, § 3041.5(b)(3) (2009). The shortest interval that the Board may set is three years, based on a finding that the prisoner "does not require a more lengthy period of incarceration . . . than seven additional years." Id., § 3041.5(b)(3)(C). Under the terms of the amended statute, petitioner's next parole hearing was deferred for a period of five years. (June 9, 2009 Board Transcript; see Dkt. No. 10 at 51.)

////

Under the standards of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas relief may not be granted with respect to any claim adjudicated on the merits by the state court unless that state decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Even when a state court provides no reasons for its denial of the federal claim, a habeas petitioner may not obtain relief unless he shows "there was no reasonable basis for the state court to deny relief." Harrington v. Richter, 131 S. Ct. 770, 784 (2011). These standards are highly deferential to the state court's decision and "difficult to meet." Id. at 786.

The federal Constitution provides that, "No State shall . . . pass any . . . ex post facto Law." U.S. Const. art. I, § 10. A law violates the Ex Post Facto Clause of the Constitution if it: (1) punishes as criminal an act that was not criminal when it was committed; (2) makes a crime's punishment greater than when the crime was committed; or (3) deprives a person of a defense available at the time the crime was committed. Collins v. Youngblood, 497 U.S. 37, 52 (1990). The Ex Post Facto Clause "is aimed at laws that retroactively alter the definition of crimes or increase the punishment for criminal acts." Himes v. Thompson, 336 F.3d 848, 854 (9th Cir. 2003) (citations and internal quotations omitted); see also California Dept. of Corrections v. Morales, 514 U.S. 499, 504 (1995). The Ex Post Facto Clause is also violated if: (1) state regulations have been applied retroactively to a defendant; and (2) the new regulations have created a "sufficient risk" of increasing the punishment attached to the defendant's crimes. Himes, 336 F.3d at 854. However, not every law that disadvantages a defendant is a prohibited ex post facto law. The retroactive application of a change in state parole procedures constitutes a prohibited ex post facto law only if there exists a "significant risk" that such application will increase the punishment for the crime. See Garner v. Jones, 529 U.S. 244, 255 (2000).

////

1    Previous amendments to California Penal Code § 3041.5, allowing for longer
2 periods of time between parole suitability hearings, have been upheld against challenges that they
3 violated the Ex Post Facto Clause. See Morales, 514 U.S. at 509 (1981 amendment to § 3041.5,
4 which increased maximum deferral period of parole suitability hearings to five years, did not
5 violate the Ex Post Facto Clause because it simply altered the method of setting a parole release
6 date and did not create a meaningful "risk of increasing the measure of punishment attached to
7 the covered crimes"); Watson v. Estelle, 886 F.2d 1093, 1097-98 (9th Cir. 1989) (not a violation
8 of the Ex Post Facto Clause to apply § 3041.5(b)(2)(A) to prisoners sentenced to life
9 imprisonment prior to implementation of California's Determinate Sentence Law in 1977);
10 Clifton v. Attorney General Of the State of California, 997 F.2d 660, 662 n.1 (9th Cir. 1993)
11 (same); see also Garner, 529 U.S. at 249 (upholding Georgia's change in the frequency of parole
12 hearings for prisoners serving life sentences, from three to eight years, in an action brought
13 pursuant to 42 U.S.C. § 1983).
14    After reviewing the facts applicable to petitioner's ex post facto claim, clearly
15 established federal law as determined by the Supreme Court, and California statutes and
16 regulations related to the frequency of subsequent parole hearings, the court finds that the state
17 court decisions below, rejecting petitioner's federal ex post facto claim, are not contrary to, nor
18 do they involve an unreasonable application of, clearly established federal law as determined by
19 the Supreme Court. 28 U.S.C. § 2254(d). The state court decisions below are not out of line
20 with the decisions reached by the Supreme Court in both Morales and Garner, especially in light
21 of the fact that, as in Morales and Garner, the Board can expedite a suitability hearing if it
22 believes an inmate should be paroled. See Cal. Penal Code § 3041.5(b)(4) ("The board may in
23 its discretion . . . advance a hearing . . . when a change in circumstances or new information
24 establishes a reasonable likelihood that consideration of the public and victim's safety does not
25 require the additional period of incarceration . . . ."); see also id., § 3041.5(d) (1) ("An inmate
26 may request that the board exercise its discretion to advance a hearing. . . .").

Therefore, the court finds that petitioner is not entitled to relief on his federal ex post facto claim, Rule 4, Federal Rules Governing § 2254 Cases, which should be dismissed without prejudice.[3]

Having resolved petitioner's federal ex post facto claim, over which this court has original jurisdiction, the undersigned declines to assume supplemental jurisdiction over plaintiff's state law ex post facto claim, which should also be dismissed without prejudice. See 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it has original jurisdiction).

V. Conclusion

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Respondent's motions to dismiss (Dkt. Nos. 18, 21), should be granted;

2. Petitioner's federal due process challenge to the June 9, 2009 decision of the Board of Parole Hearings, should be dismissed;

3. Petitioner's federal ex post facto challenge to the Board's five-year deferral of a subsequent parole hearing, should be dismissed without prejudice; and

4. This court declines to assume pendent jurisdiction of petitioner's state law ex post facto challenge, which should also be dismissed without prejudice.

////

---

[3] Petitioner is informed that there is a civil rights class action, filed pursuant to 42 U.S.C. § 1983, that is currently pending in this court, in which it is alleged that "Marsy's Law" violates the Ex Post Facto Clause of the Constitution. The action is Gilman v. Fisher, Case No. 2:05-cv-0830 LKK GGH P, and the classes of persons identified as plaintiffs therein are: (1) "all California state prisoners who have been sentenced to a life term with possibility of parole for an offense that occurred before November 4, 2008;" (2) "all California state prisoners who have been sentenced to a life term with possibility of parole and have reached eligibility for a parole consideration hearing;" and (3) "all California state prisoners who have been sentenced to a life term with possibility of parole for an offense that occurred before November 4, 2008." See id., Order filed April 25, 2011 (Dkt. No. 340 at 2). Petitioner may be a member of one or more of these classes. In general, a member of a class action may not pursue an individual action for equitable relief that is also sought by the class. See e.g. Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir. 1979).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within 14 days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Should petitioner file objections, he may address whether a certificate of appealability should issue in the event petitioner files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  A certificate of appealability may issue under 28 U.S.C. §2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

DATED: July 12, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

dani1697.hc.mtd